IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE JURY DIVISION

| | |
|---|---|
| ANDREW BAZEMORE, On Behalf of Himself and All Others Similarly Situated, | ) ) ) |
| *Plaintiff*, | ) CLASS AND COLLECTIVE ) ACTION ) |
| v. | ) ) CASE NO.  3:22-CV-311-RGJ |
| PAPA JOHN'S USA, INC. and PAPA JOHN'S INTERNATIONAL, INC., | ) ) JURY DEMAND |
| *Defendants*. | ) ) ) ) |

## CLASS AND COLLECTIVE ACTION COMPLAINT

1. Plaintiff Andrew Bazemore brings this action against Defendants Papa John's USA, Inc. and Papa John's International, Inc. ("Defendants" and "Papa John's") to recover unpaid minimum and overtime wages, liquidated damages, attorneys' fees, and costs under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. Plaintiff asserts these FLSA claims as a collective action on behalf of himself and all similarly situated individuals, pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

2. Plaintiff Bazemore also brings this action against Defendants to recover unpaid minimum and overtime wages, liquidated damages, attorneys' fees, and costs under the Kentucky Wages and Hours Act ("KWHA"), KRS 337.010 *et seq*. Plaintiff further requests that the Court impose civil penalties upon Defendants, pursuant to KRS 337.990(1), (5), and (7). Plaintiff asserts these KWHA claims as a class action lawsuit, pursuant to Kentucky law and Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and all similarly situated individuals.

### I. JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's claims under the FLSA because they are

brought pursuant to 29 U.S.C. § 216(b) and because they raise a federal question pursuant to 28 U.S.C. § 1331.

4. This Court has jurisdiction over Plaintiff's supplemental state law claims pursuant to 28 U.S.C. § 1367.

5. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391 because Defendants reside in this judicial district and because the claims arose in this judicial district.

## II. PARTIES

**A.  Plaintiff**

6. Plaintiff Bazemore is over the age of nineteen (19) and is a resident of Louisville, Jefferson County, Kentucky. Plaintiff Bazemore has been employed by Defendants as a delivery driver since the fall of 2019 to the present.

**B.  Defendants**

7. Defendant Papa John's USA, Inc. is a Kentucky corporation that operates Papa John's corporate stores in the United States, including in the Western District of Kentucky.

8. Defendant Papa John's International, Inc. is a Delaware corporation that operates Papa John's corporate stores in the United States, both in its own name and through its wholly-owned subsidiary, Defendant Papa John's USA, Inc.

9. Defendants comprise a single integrated enterprise and jointly operate hundreds of Papa John's stores in the United States, including in the Western District of Kentucky. Because the work performed by Plaintiff and all other delivery drivers simultaneously benefited both Defendants and directly or indirectly furthered their joint interests, Defendants are collectively the join employers of Plaintiff and other similarly situated employees under the FLSA's and KWHA's broad definition of "employer."

10. Defendants employ individuals who are engaged in interstate commerce and/or in the production of goods for interstate commerce.

11. Defendants have at all relevant times been an employer within the meaning of the FLSA and KWHA.

### III. FACTS

12. Defendants own and operate numerous Papa John's pizza stores throughout the United States, including within this District and Division.

13. Defendants employ delivery drivers, including Plaintiff, who have the same primary job duty: to deliver pizzas and other food items to customers' homes or workplaces.

14. Defendants require their delivery drivers to maintain and pay for safe, legally operable, and insured automobiles to use to deliver pizza and other food items.

15. Defendants' drivers incur costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses ("automobile expenses") while delivering pizza and other food items for the primary benefit of Defendants.

16. Defendants' delivery driver reimbursement policy reimburses drivers on a per-mile basis, but the per-mile reimbursement equates to below the IRS business mileage reimbursement rate or any other reasonable approximation of the costs to own and operate a motor vehicle. This policy applies to all of Defendants' delivery drivers.

17. The result of Defendants' delivery driver reimbursement policy is a reimbursement of much less than a reasonable approximation of its drivers' automobile expenses.

18. During the applicable statutes of limitations periods at issue in this lawsuit, the IRS reimbursement has been between $.535 and $.585 per mile. Likewise, reputable companies that study the cost of owning and operating a motor vehicle and/or reasonable reimbursement rates,

including the AAA, have determined that the average costs of owning and operating a vehicle was around $.589 per mile during the same period for drivers who drive 15,000 miles per year. These figures represent a reasonable approximation of the average costs of owning and operating a vehicle for use in delivering pizzas.

19. However, the driving conditions associated with the pizza delivery business cause even more frequent maintenance costs, higher costs due to repairs associated with driving, and more rapid depreciation from driving as much as, and in the manner of, a delivery driver. Defendants' delivery drivers further experience lower gas mileage and higher repair costs than the average driver used to determine the average costs of owning and operating a vehicle described above due to the nature of the delivery business, including frequent starting and stopping of the engine, frequent braking, short routes as opposed to highway driving, and driving under time pressures.

20. Defendant's reimbursement policy does not reimburse delivery drivers for even their ongoing out-of-pocket expenses, much less other costs they incur to own and operate their vehicle, and thus Defendants uniformly fail to reimburse their delivery drivers at any reasonable approximation of the cost of owning and operating their vehicles for Defendants' benefit.

21. Defendants' systematic failure to adequately reimburse automobile expenses constitutes a "kickback" to Defendants such that the hourly wages it pays to Plaintiff and Defendants' other delivery drivers are not paid free and clear of all outstanding obligations to Defendants.

22. Defendants fail to reasonably approximate the amount of their drivers' automobile expenses to such an extent that their drivers' net wages are diminished beneath the minimum wage requirements.

23. Defendants' reimbursement policy and methodology fail to reflect the realities of delivery drivers' automobile expenses.

24. Regardless of the precise amount of the pre-delivery reimbursement at any given point in time, Defendants' reimbursement formula has resulted in an unreasonable underestimation of delivery drivers' automobile expenses throughout the recovery period, causing systematic violations of the minimum wage.

25. Plaintiff has been paid $4.25 per hour for his work while performing deliveries, and $8.65 per hour for work in the store while he is not performing deliveries.

26. Both the Kentucky and federal minimum wage have been $7.25 per hour since July 2009.

27. During the time Plaintiff worked for Defendants as a delivery driver, he was reimbursed per mile that he drove to perform deliveries. Initially, Plaintiff was reimbursed between $0.25 and $0.30 per mile, and beginning in or about March 2022 he was reimbursed $0.31 per mile.

28. In 2019, for example, the IRS business mileage reimbursement has been $.58 per mile, which reasonably approximated the automobile expenses incurred delivering pizzas. http://www.irs.gov/Tax-Professionals/Standard-Mileage-Rates. During this time period, Plaintiff was reimbursed a low as $0.25 per mile. Considering Plaintiff's estimate of about 4.5 miles per delivery (4.5 miles x $.58 per mile = $2.61), Defendants under-reimbursed him by about $1.35 per delivery ($2.61 - $1.26). Since Plaintiff completed approximately 3 to 4 deliveries per hour, Plaintiff was under-reimbursed by approximately $4.05 ($1.35 x 3 deliveries per hour) to $5.40 per hour ($1.35 x 4 deliveries per hour).

29. Due to their failure to properly reimburse Plaintiff and other delivery drivers,

Defendants failed to them the legally mandated minimum wage as required by law, including for overtime hours worked.

## COLLECTIVE ACTION ALLEGATIONS

30. Plaintiff brings the First Count on behalf of himself, and all similarly situated current and former delivery drivers employed by Defendants at their owned and / or operated stores throughout the United States, during the three years prior to the filing of this lawsuit and the date of final judgment in this matter, who elect to opt-in to this action (the "FLSA Collective").

31. At all relevant times, Plaintiff and the FLSA Collective have been similarly situated, have had substantially similar job duties, requirements, and pay provisions, and have all been subject to Defendants' decision, policy, plan, practices, procedures, protocols, and rules of willfully refusing to pay Plaintiff and the FLSA Collective minimum wage for all hours worked and failing to reimburse delivery drivers for automobile expenses and other job-related expenses. Plaintiff's claims are essentially the same as those of the FLSA Collective.

32. Defendants' unlawful conduct is pursuant to a company policy or practice. 108. Defendants are aware or should have been aware that federal law required them to pay employees minimum wage for all hours worked and to fully reimburse for "tools of the trade."

33. Defendants' unlawful conduct has been widespread, repeated, and consistent. 110. The First Count is properly brought under and maintained as an opt-in collective action under 29 U.S.C. § 216(b).

34. The FLSA Collective members are readily identifiable and ascertainable. In recognition of the services Plaintiff has rendered and will continue to render to the FLSA Collective, Plaintiff will request payment of a service award upon resolution of this action.

## CLASS ACTION ALLEGATIONS UNDER KENTUCKY LAW

35. Plaintiff brings this action on his own behalf and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the following class of individuals:

> All current and former delivery drivers employed by Defendants in the State of Kentucky between the date five years prior to the filing of the original complaint and the date of final judgment in this matter.

(the "Rule 23 Class").

36. Plaintiff is a member of the Rule 23 Class he seeks to represent.

37. During the applicable timeframe, Defendants have employed hundreds of individuals as drivers at their Papa John's stores in Kentucky. Thus, the Rule 23 class is sufficiently numerous that joinder of all members is impractical, satisfying Fed. R. Civ. P. 23(a)(1).

38. Plaintiff and the members of the Rule 23 Class share the same pivotal questions of law and fact, satisfying Fed. R. Civ. P. 23(a)(2). Defendants paid Plaintiff and the members of the Rule 23 Class he seeks to represent in the same manner and pursuant to the same policies. As a result, the Rule 23 Class shares several factual and legal questions.

39. Plaintiff's claims are typical of the claims of the Rule 23 Class, satisfying Fed. R. Civ. P. 23(a)(3). Defendants' violation of the minimum wage, overtime wage, and other requirements of the KWHA was not the result of any Plaintiff-specific circumstances. Rather, it arose from Defendants' common pay policies and practices, which Defendants applied generally to all of their drivers, including Plaintiff. Thus, in advancing his own claims, Plaintiff will also be advancing the claims of the Rule 23 Class.

40. Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Class, satisfying Fed. R. Civ. P. 23(a)(4). Plaintiff's interests are shared with the Rule 23 Class and Plaintiff has no interests that conflict with those of the Rule 23 Class. Furthermore, Plaintiff has retained competent counsel experienced in representing classes of employees against their employers related to their employer's failure to pay them properly under the law.

41. By failing to pay delivery drivers all required minimum and overtime wages pursuant to their common pay practices and policies, Defendants have created a scenario where questions of law and fact common to the Rule 23 Class predominate over any questions affecting only individual members. Thus, a class action is superior to other available methods for the fair and efficient adjudication of this matter. Plaintiff is entitled to pursue his claims as a class action, pursuant to Fed. R. Civ. P. 23(b)(3).

## V. CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE MINIMUM AND OVERTIME WAGE REQUIREMENTS OF THE FLSA

42. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

43. Plaintiff and the FLSA Collective are or were non-exempt, hourly employees entitled to receive no less than minimum wage for all hours worked, including overtime hours.

44. Defendants required Plaintiff and the FLSA Collective to pay for automobile expenses and other job-related expenses out of pocket and failed to properly reimburse Plaintiff and the FLSA Collective for said expenses.

45. As a result of Defendants' requiring Plaintiffs and the FLSA Collective to pay for automobile expenses and other job-related expenses out of pocket and failing to reimburse them, Defendants paid them less than minimum wage for all hours worked, including overtime hours.

46. By the acts and conduct described above, Defendants willfully violated the provisions of the FLSA and disregarded the rights of Plaintiff and the FLSA Collective.

47. Plaintiff and the FLSA Collective have been damaged by Defendants' willful failure to pay minimum wage as required by law.

## COUNT II
### VIOLATION OF THE MINIMUM AND OVERTIME WAGE REQUIREMENTS OF THE KWHA

48. All previous paragraphs are incorporated as though fully set forth herein.

49. At all relevant times, Defendants have been and continue to be an "employer" within the meaning of the KWHA.

50. At all relevant times, Defendants have employed, and continue to employ, "employees", including Plaintiff, within the meaning of the KWHA.

51. Plaintiff was and is a nonexempt employee of Defendants within the meaning of the KWHA.

52. Pursuant to the KWHA., the Defendants were required to pay Plaintiff and the members of the Rule 23 Class he seeks to represent all wages, when due, for all hours of work at hourly rates within the minimum wage rate in Kentucky on their regular pay date, including overtime hours.

53. Defendants were required to provide employees with advance notice for wage deducts permissible by and in compliance with the KWHA.

54. Defendants failed to pay Plaintiff and the putative class members reimbursements for travel expenses causing Plaintiffs to receive less wages than they were entitled to under the KWHA and thus failed to comply with this statute and its accompanying administrative code.

55. The foregoing conduct, as alleged, constitutes willful violations of the KWHA.

56. As set forth above, the Plaintiff and the putative class members have sustained losses and lost compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff on behalf of himself and those he seeks to represent, seek damages in the amount of their

unpaid earned compensation, liquidated damages, plus interest at the legal rate set forth in KWHA.

57. As a result of the forgoing conduct, as alleged, Defendants have filed to pay wages due under the KWHA.

58. Plaintiff, on behalf of himself and the Rule 23 Class, seeks recovery of his attorneys' fees as provided by the KWHA.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief on behalf of himself and all others similarly situated:

A. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. An order permitting this litigation to proceed as a class action pursuant to the KWHA and Fed. R. Civ. P. 23;

C. Prompt notice of this litigation, pursuant to 29 U.S.C. § 216(b), to all similarly situated employees;

D. Prompt notice of this litigation, pursuant to Fed. R. Civ. P. 23, to all putative class members;

E. A finding that Defendants have violated the FLSA and KWHA;

F. A finding that Defendants' FLSA and KWHA violations are willful;

G. A judgment against Defendants and in favor of Plaintiff and all similarly situated employees for compensation for all unpaid and underpaid wages that Defendants have failed and refused to pay in violation of the FLSA and KWHA;

H. Prejudgment interest to the fullest extent permitted under the law;

I. Liquidated damages to the fullest extent permitted under the FLSA and KWHA;

    J.    Litigation costs, expenses, and Plaintiff's attorneys' fees to the fullest extent permitted under the FLSA, KWHA, and the Federal Rules of Civil Procedure; and,

    K.    Such other and further relief as this Court deems just and proper in equity and under the law.

## VII. JURY DEMAND

Plaintiff demands a jury as to all claims so triable.

Date: June 10, 2022

Respectfully submitted,

/s/ David W. Garrison
**DAVID W. GARRISON (KY Bar No. 98258)**
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Philips Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com

**J. CHRIS SANDERS**
BAHE, COOK, CANTLEY & NEFZGER PLC (Of Counsel)
1041 Goss Avenue
Louisville, KY 40217
Telephone: (502) 587-2002
csanders@bccnlaw.com

\* Admitted *Pro Hac Vice*

*Attorneys for Plaintiff*