UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| ANDREW BAZEMORE, on behalf of himself and all others similarly situated | Plaintiffs |
| v. | Civil Action No. 3:22-cv-311-RGJ |
| PAPA JOHN'S USA, INC. and PAPA JOHN'S INTERNATIONAL, INC. | Defendants |

\* \* \* \* \*

### MEMORANDUM OPINION AND ORDER

Defendants, Papa John's USA, INC. and Papa John's International, Inc. (together "Defendants") moved to compel arbitration and dismiss the Complaint. [DE 15-1]. Plaintiff Andrew Bazemore, on behalf of himself and all others similarly situated ("Bazemore" or collectively, "Plaintiffs"), responded. [DE 24]. Defendants did not reply. Plaintiffs also moved to stay the deadline to respond to Defendants' motion and moved to permit arbitration-related discovery. [DE 22-2].[1] Defendants responded [DE 34] and Plaintiffs replied [DE 35]. The matter is ripe for adjudication. For the reasons below, the Court **GRANTS** Defendants' Motion to Compel Arbitration and Dismiss the Complaint [DE 15-1] and **DENIES** Plaintiffs' Motion to Stay Deadline to Respond to Defendants' Motion to Compel Arbitration and to Permit Arbitration-Related Discovery [DE 22-2].

### I. BACKGROUND

Defendants own and operate several pizza stores throughout the United States and in the Western District of Kentucky. [DE 1 at 3]. Plaintiffs were delivery drivers who delivered pizzas

---

[1] Although Counsel for Plaintiffs and Defendants attached memorandums of law in support of their motions [DE 15-1; DE 22-2], the Joint Local Rules for the Eastern and Western Districts of Kentucky contemplate a single, unified motion and memorandum. *See* Local Rule 7.1. Going forward, Counsel is advised to file a unified motion.

1

for Defendants. [*Id.*]. Plaintiffs allege that the mileage reimbursement allowed by Defendants fell well below the IRS business mileage reimbursement rate or any other reasonable approximation of costs. [*Id.*]. Plaintiffs also allege that they were paid less than minimum wage while working as delivery drivers. [*Id.* at 5–6]. As a result, Plaintiffs initiated a collective action under the Fair Labor Standards Act ("FLSA") and class action under Federal Rule of Civil Procedure 23. [*Id.* at 6–7]. In their Complaint, Plaintiffs contend that Defendants violated FLSA and the Kentucky Wages and Hours Act. [*Id.* at 8–9].

Defendants allege that Bazemore sued despite agreeing to arbitrate all disputes related to his employment on an individual basis. [DE 15-1 at 70]. Defendants' Custodian of Records and Senior Director of People Services, Brandi Greene, filed an affidavit declaring that Bazemore was presented with a copy of the Arbitration Agreement [DE 35-1 ("Agreement")],[2] and that he signed the agreement as a condition of employment. [DE 15-2 at 80]. Bazemore allegedly signed the agreement by logging into a program called "e-Forms" and checking a box that applied his electronic signature and employee ID. [*Id.*]. Bazemore's unique ID was 467073. [*Id.* at 81]. Defendants assert that no one could have signed the Agreement on Bazemore's behalf because logging into e-Forms required Bazemore's employee ID and unique password only known to the user. [*Id.*]. Bazemore also filed an electronic application for employment in a program called "e-Forms" and electronically signed, in connection with applying for employment, an "e-Signature Disclosure and Consent" form, in which he agreed that his electronic signature is as legally binding and effective as his his handwritten signature. [*Id.*]

---

[2] Despite referencing the Agreement in their affidavit, Defendants failed to attach a copy of the document. [DE 15-2]. Defendants also failed to remedy the error by providing the Court with a copy of the Agreement. Therefore, the Court must rely on a copy of the Agreement provided by Plaintiffs. [DE 35-1].

The Agreement requires the Parties "to resolve any and all claims, disputes or controversies . . . exclusively by final and binding arbitration to be administered by a neutral dispute resolution agency agreed upon by the Parties at the time of the dispute." [DE 35-1 at 181]. The Agreement covered claims "arising under any statutes applicable to employees or the employment relationship[.]" [*Id.* at 182]. It also prohibited class or collective actions. [*Id.* at 184]. The copy of the Agreement provided to the Court contains Bazemore's name, an electronic signature "By UserID: 467073," and it is dated October 10, 2019. [DE 35-1 at 184].

Bazemore also filed an affidavit related to the Agreement. [DE 22-3]. Bazemore declared that he had never seen or heard of the Agreement prior to receiving a copy of it from his lawyers. [*Id.* at 116]. He claims that his login credentials to were made up of demographic information that was known to his manager. [*Id.*]. He alleges that his manager would log in using Bazemore's credentials to complete training materials and rushed Bazemore through his onboarding process. [*Id.* at 117]. Ultimately, Bazemore alleges he was not given the opportunity to review the onboarding materials. [*Id.*].

## II.  STANDARD

Congress enacted the United States Arbitration Act of 1925 ("FAA"), 9 U.S.C. §§ 1–16, and federal and Kentucky law favors enforcing arbitration agreements. *See Whalen v. Lord & Moses, LLC*, Case No. 09-CV-0192-JBC, 2009 WL 3766327, at *1 (E.D. Ky. Nov. 10, 2009). The FAA's purpose was to put arbitration agreements "upon the same footing as other contracts." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991).

Section 4 of the FAA provides that a party may petition a court to compel arbitration. FAA § 4. Upon such a petition, the Court "shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court

shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." *Id*. Yet "[i]f the making of the arbitration agreement . . . be in issue, the court shall proceed summarily to the trial thereof." *Id*. Thus, the Court first "must engage in a limited review to determine whether the dispute is arbitrable." *Masco Corp. v. Zurich Am. Ins. Co.*, 382 F.3d 624, 627 (6th Cir. 2004) (quoting *Javitch v. First Union Sec., Inc.,* 315 F.3d 619, 624 (6th Cir. 2003)).

In determining whether the dispute is arbitrable, the Court first looks to whether the parties formed a valid arbitration agreement. *See Braxton v. O'Charley's Rest. Props., LLC*, 1 F. Supp. 3d 722, 725 (W.D. Ky. 2014) ("Such review, the Sixth Circuit advises, requires the Court to determine first whether a valid agreement to arbitrate exists between the parties, and second whether the specific dispute falls within the substantive scope of the agreement.") (internal citations and quotations omitted). "In order to show that the validity of the agreement is 'in issue,' the party opposing arbitration must show a genuine issue of material fact as to the validity of the agreement to arbitrate," and the necessary showing "mirrors that required to withstand summary judgment in a civil suit." *Great Earth Cos., Inc. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002) (quoting *Doctor's Assocs., Inc. v. Distajo*, 107 F.3d 126, 129–30 (2d Cir.), *cert. denied,* 522 U.S. 948 (1997)).

### III. ANALYSIS

Plaintiffs argue that Defendants have failed to prove that there are no material issues of fact regarding the Agreement's formation. [DE 22-2 at 109]. Bazemore asserts that he never saw the Agreement and was not given an opportunity to review any onboarding documents. [DE 22-2 at 113]. Bazemore further alleges that his manager would log into his employee account and fill out forms on his behalf. [*Id.*]. In response, Defendants argue that Bazemore does not deny signing

4

the e-Signature Disclosure and Consent form and does not directly deny signing the Agreement, instead stating he has neither seen nor heard of the Agreement. As a result, Defendants assert that Bazemore has failed to identify a material issue of fact still in dispute. [DE 34 at 153].

Neither party disputes that the claims fall within the substantive scope of the Agreement if it is enforceable. Thus, to enforce the Agreement, the Court need only determine whether a valid contract exists. If the Court cannot determine whether the Agreement is enforceable, then the Court may permit discovery related to contract formation. *Guidotti v. Legal Helpers Debt Resol., L.L.C.*, 716 F.3d 764, 775–76 & n. 5 (3d Cir. 2013). Kentucky law applies to interpreting the formation of an arbitration agreement. *See Seawright v. Am. Gen. Fin. Servs., Inc.*, 507 F.3d 967, 972 (6th Cir. 2007) ("Because arbitration agreements are fundamentally contracts, we review the enforceability of an arbitration agreement according to the applicable state law of contract formation."); *see also Gray v. Midland Funding, LLC*, No. 5:16-CV-00036-TBR, 2017 WL 1293995, at *5 n. 3 (W.D. Ky. Apr. 4, 2017).

**A. Whether Bazemore Created an Issue of Fact as to Agreement's Formation.**

The Court must first determine whether the Agreement is a valid contract under Kentucky law. *See Richmond Health Facilities v. Nichols*, 811 F.3d 192, 195 (6th Cir. 2016). "Under Kentucky law, parties can be bound to contracts, even absent a signature, when their actions indicate acceptance of the contract's terms." *Polly v. Affiliated Comput. Servs.*, No. 10-135-ART, 2011 WL 93715, at *4 (E.D. Ky. Jan. 11, 2011) (citing *Sweeney v. Theobald*, 128 S.W.3d 498, 501 (Ky. App. 2004)). In Kentucky, acceptance is a "manifestation of assent to the terms [of an offer] made by the offeree in a manner invited or required by the offer." *Ky. Emps. Ret. Sys. v. Seven Ctys. Servs. Inc.*, 550 B.R. 741, 761 (W.D. Ky. 2016).

Under Rule 56 Defendants had the initial duty to present evidence that would allow a trier of fact to find all required elements of a contract. *See Boykin v. Fam. Dollar Stores of Michigan, LLC*, 3 F.4th 832, 839 (6th Cir. 2021). Defendants met their initial burden by introducing an affidavit from the custodian of records, reflecting that Bazemore reviewed and electronically signed the Agreement.[3] [DE 15-2 at 80–81]. To create a genuine dispute of material fact, Bazemore must present specific facts that would allow a rational trier of fact to find that he did not acknowledge the agreement or learn about the arbitration condition of employment in other ways. *See Viet v. Le*, 951 F.3d 818, 823 (6th Cir. 2020). Courts must view the facts "in the light most favorable to the opposing party." *Tolan v. Cotton*, 572 U.S. 650, 656–57 (2014) (per curiam) (citation omitted). Therefore, "an 'unequivocal denial' that takes the form of admissible 'evidence' can create a genuine dispute of fact." *Boykin*, 3 F.4th at 840 (quoting *Interbras Cayman Co. v. Orient Victory Shipping Co., S.A.*, 663 F.2d 4, 7 (2d Cir. 1981)). But a convenient lapse in memory will not create a genuine factual dispute. *See id.* at 839.

Subject to penalty of perjury, Bazemore declared that he had never seen the Agreement before being provided a copy during this litigation. [DE 22-3 at 116]. He does recall quickly clicking through documents as part of his orientation. [*Id.*]. He does not dispute in his affidavit that he signed the e-Signature Disclosure and Consent form and that he filled out an online application for employment in a program called "e-Forms." [*Id.*]. Bazemore also notes that his manager would complete training modules for him and other drivers so they could complete

---

[3] Courts in this circuit have held that digital acknowledgment forms signify acceptance under Kentucky law, and "pre-dispute arbitration agreements and acknowledgment forms have been consistently enforced as binding." *Aldrich v. Univ. of Phoenix, Inc.*, No. 3:15-CV-00578-JHM, 2016 WL 915287, at *5 (W.D. Ky. Mar. 4, 2016) (citing *Mazera v. Varsity Ford Mgmt. Servs., LLC*, 565 F.3d 997, 1000 (6th Cir. 2009); *Polly v. Affiliated Comput. Servs., Inc.*, No. CIV.A. 10-135-ART, 2011 WL 93715, at *1–3 (E.D. Ky. Jan. 11, 2011); *Johnson v. Career Sys. Devs.*, No. CIV. A. 4:09CV-76-M, 2010 WL 292667, at *2 (W.D. Ky. Jan. 20, 2010)).

deliveries. [*Id.* at 117]. That said, Bazemore never unequivocally denies signing the Agreement. As a result, Bazemore has not created a material issue of fact as to whether he signed the Agreement. *See Boykin*, 3 F.4th at 840.

Bazemore merely asserts that he did not see the Agreement. [DE 22-3 at 116]. Courts have held that simply stating that a plaintiff failed to see the arbitration agreement did not create an issue of fact. *See, e.g.*, *Morton v. Darden Rest., Inc.*, No. 8:17-1865-HMH-KFM, 2018 WL 1531634, at *4 (D.S.C. Mar. 2, 2018). Moreover, this Court has held that when a party asserts that it did not receive an arbitration agreement, it must provide additional evidence to create a material issue of fact. *See Aldrich v. Univ. of Phoenix, Inc.*, No. 3:15-CV-00578-JHM, 2016 WL 915287, at *9–10 (W.D. Ky. Mar. 4, 2016), *aff'd*, 661 F. App'x 384 (6th Cir. 2016). Bazemore has failed to submit any additional evidence to support his claims. Bazemore's final assertion that his manager may have signed the Agreement on his behalf is speculation without additional evidence. Mere speculation is not enough to create an issue of fact. *See Luther v. Kentucky Dep't of Corr.*, No. 5:18-CV-00178 (TBR), 2021 WL 5022914, at *4 (W.D. Ky. Oct. 28, 2021).

Because Bazemore has not created a material issue of fact, Plaintiffs are not entitled to discovery related to formation of the Agreement. *See Arnold v. Owensboro Health Facilities, L.P.*, No. 4:15-CV-00104-JHM, 2016 WL 502061, at *3 (W.D. Ky. Feb. 8, 2016). Accordingly, Plaintiffs' Motion to Stay Deadline to Respond to Defendants' Motion to Compel Arbitration and to Permit Arbitration-Related Discovery [DE 22-2] is **DENIED**.

### B. Enforceability of the Agreement.

As discussed, Defendants met their initial burden by producing an affidavit declaring that Bazemore signed the Agreement by an electronic signature. [DE 15-2 at 80–81]. This Court routinely finds that electronic acknowledgements of arbitration agreements manifest assent. *See,*

7

*e.g.*, *Knight v. Amedisys Holding, LLC*, No. 3:16-CV-39-DJH, 2016 WL 5661227, at *3 (W.D. Ky. Sept. 28, 2016). Based on Bazemore's electronic signature, the Court finds that Bazemore entered into the Agreement. Bazemore has not articulated another defense that would prevent enforcement of the Agreement. [DE 24]. Because Plaintiffs' claims must be submitted to arbitration under the Agreement [DE 35-1], the Court must dismiss Plaintiffs' Complaint. *See Green v. Ameritech Corp.*, 200 F.3d 967, 973 (6th Cir. 2000). Accordingly, Defendants' Motion to Compel Arbitration and Dismiss the Complaint [DE 15-1] is **GRANTED**.

## IV. CONCLUSION

Having thus considered the parties' filings and the applicable law, and being otherwise sufficiently advised, the Court **ORDERS** that:

1. Plaintiffs' Motion to Stay Deadline to Respond to Defendants' Motion to Compel Arbitration and to Permit Arbitration-Related Discovery [DE 22-2] is **DENIED**; and

2. Defendants' Motion to Compel Arbitration and Dismiss the Complaint [DE 15-1] is **GRANTED**.

Rebecca Grady Jennings, District Judge
United States District Court

November 30, 2022