UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ANDREW BAZEMORE, *et al.*     Plaintiffs

v.     Civil Action No. 3:22-cv-311-RGJ-CHL

PAPA JOHN'S USA, INC. and PAPA
JOHN'S INTERNATIONAL, INC.     Defendants

\* \* \* \* \*

## ORDER

Plaintiff Andrew Bazemore ("Bazemore"), on behalf of himself and seven plaintiffs who opted into this collective action, moves for Court approval of the parties' settlement under the Fair Labor Standards Act ("FLSA"). [DE 69]. The motion is styled as "unopposed," and defendants Papa John's USA, Inc. and Papa John's International, Inc. (together "Papa John's") have not responded. *See* LR 7.1(c). For the following reasons, Bazemore's motion is **DENIED**. The parties shall privately finalize their settlement and tender a joint stipulation of dismissal in the time permitted below. *See* Fed. R. Civ. P. 41(a)(1)(A).

## I. BACKGROUND

At all relevant times, Bazemore was a Papa John's employee and delivery driver. [DE 1 at 2]. The complaint alleges that Papa John's "reimbursement formula" caused drivers like Bazemore to be paid less than the minimum wage. [*Id.* at 5–6]. Count I of the complaint is a FLSA collective action claim. [*Id.* at 6, 8.] Seven additional plaintiffs opted into that collective-action claim. [DEs 4–7; DE 12; DE 14]. Count II was initially a putative class action claim under Kentucky wage and hour law. [DE 1 at 6–10]. However, a related wage and hour class action resolved before this case. *See* Final Approval Order and Judgment, *Durling v. Papa John's Int'l, Inc.*, No. 7:16-cv-3592-CS (S.D.N.Y. Jul. 27, 2023), ECF No. 631 ("*Durling* Class Action Settlement"). This case's eight

plaintiffs—Bazemore plus those who opted into the collective action—opted out of the *Durling* Class Action Settlement. [DE 41-1]. Consequently, Count II of Bazemore's complaint was reduced to the plaintiffs' own individual claims. [DE 69-3 at 331]. Count II was never certified as a class action in this case. *See* Fed. R. Civ. P. 23(c)(1).

In August 2024, the parties reported that they "reached a Memorandum of Understanding setting out the material terms upon which a final written and executed settlement agreement w[ould] be based." [DE 66 at 288]. The Court dismissed the case without prejudice, struck it from the active docket, and instructed the parties to tender an agreed order dismissing the case with prejudice. [DE 67]. Then the parties executed their comprehensive "Collective Action Settlement Agreement." [DE 69-1]. By its terms, Bazemore and the opt-in plaintiffs release their claims in exchange for certain settlement payments. [*Id.* at 306–12]. The agreement stated it would become final and effective only upon, among other things, the Court's approval of the parties' settlement agreement. [*Id.* at 305].

As required by the parties' agreement [*Id.* at 304], Bazemore now moves for Court approval of the settlement and final dismissal with prejudice. [DE 69]. The motion is a well-reasoned application of *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1355 (11th Cir. 1982), and related caselaw. [*Id.* at 333]. Bazemore argues that the parties' settlement should be approved because a *bona fide* dispute exists over liability and damages; the proposed settlement is a fair, reasonable, and adequate compromise; and the "service award" specific to him as "Named Plaintiff" is fair and reasonable. [*Id.* at 334–39]. Bazemore also argues that the settlement agreement's award of fees, costs and expenses is fair and reasonable. [*Id.* at 339–40].

## II. ANALYSIS

The general rule is that plaintiffs may voluntarily dismiss a civil action "without a court order" by filing "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ.

P. 41(a)(1). This Court and others have undeniably provided judicial approval for many FLSA collective-action settlements. *E.g. Bernardez v. Firstsource Sols. USA, LLC*, No. 3:17-cv-613-RGJ, 2022 WL 1156972, at *2 (W.D. Ky. Apr. 19, 2022). In so doing, this Court has often applied the same multifactor test applied to Rule 23 class-action settlements. *E.g. id.* at *3–6; *accord* Fed. R. Civ. P. 23(e). But Rule 23 class actions and FLSA collective actions "are fundamentally different." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 74 (2013). And there is no clear statutory directive or precedential guidance from the Supreme Court or this Circuit's Court of Appeals for district courts to approve FLSA collective action settlements. *See Gilstrap v. Sushinati LLC*, 734 F.Supp.3d 710, 715–18 (S.D. Ohio 2024); *Askew v. Inter-Cont'l Hotels Corp.*, 620 F. Supp. 3d 635, 637–39 (W.D. Ky. 2022) (discussing 29 U.S.C. § 216).

The convention of reviewing FLSA collective-action settlements for "fairness" grew out of the Eleventh Circuit's decision in *Lynn's Food Stores*. *See Gilstrap*, 734 F.Supp.3d at 718–19. While federal circuit and district courts have cited *Lynn's Food Stores*, *see id.* at 719, the Sixth Circuit never has. And a growing number of courts—both within and outside the Sixth Circuit—are rejecting *Lynn's Food Stores*' reasoning, at least to the extent that it might require judicial approval of ordinary FLSA collective-action settlements. *E.g. Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247, 256 n.10 (5th Cir. 2012); *Gilstrap*, 734 F.Supp.3d at 719–21; *Walker v. Marathon Petroleum Corp.*, 684 F. Supp. 3d 408, 412 n.3 (W.D. Pa. 2023) (noting that *Lynn's Food Stores*' "conclusion appears to be based on a policy rationale, not the FLSA's text, as well as perhaps the unique circumstances in that case"); *Askew*, 620 F. Supp. 3d at 641 (citing *Lexington Ins. Co. v. Ambassador Grp. LLC*, 581 F.Supp.3d 863, 865–66 (W.D. Ky. 2021)).

Plaintiffs often file collective-action claims and class-action claims together, as Bazemore did here. When such claims settle together, the parties might ask the district court to approve their

3

settlement entirely rather than the class-action dispute alone. *E.g. McKnight v. Erico Int'l Corp.*, 655 F. Supp. 3d 645, 660 (N.D. Ohio 2023). The Sixth Circuit has acknowledged, but never endorsed, that approach. *E.g. Does 1-2 v. Deja Vu Servs., Inc.*, 925 F.3d 886, 894, 898 (6th Cir. 2019). Furthermore, because this case's collective-action plaintiffs dropped their class-action claims before the Court certified any putative class, this Court need not reach the question of what to do with a combination class- and collective-action settlement.

The *Gilstrap* court concluded not only that judicial approval of a FLSA collective-action settlement is unnecessary, but that a district court lacks authority to provide it. 734 F.Supp.3d at 721–28. This Court is satisfied that neither FLSA nor any binding Sixth Circuit precedent requires or authorizes district court approval of FLSA collective-action settlements. *See Walker*, 684 F. Supp. 3d at 412. Here, nothing displaces the standard voluntary-dismissal procedure found in Rule 41(a)(1)(A).

\* \* \*

Accordingly, **IT IS ORDERED** that Bazemore's unopposed motion for settlement approval [DE 69] is **DENIED**. The parties **SHALL** privately finalize their settlement and file a Rule 41(a)(1)(A) joint stipulation of dismissal by **Friday, January 31, 2025**.